IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN HENRY MILLER | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv97 |
| NATHANIEL QUARTERMAN | § | |

<u>MEMORANDUM ORDER REGARDING TRANSFER</u>

Petitioner John Henry Miller, an inmate confined at the Pack Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Discussion</u>

On October 14, 2002, in the 372nd Judicial District Court of Tarrant County, Texas, petitioner was convicted and sentenced to a ten year term of probation. Petitioner subsequently had his term of probation revoked and was sentenced to the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this petition asserting he has been denied credit for time spent in the S.A.F.P. facility prior to the revocation of his probation.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Pack Unit in Grimes County, Texas. Pursuant to 28 U.S.C. § 124, Grimes County is located in the Southern District of Texas. Petitioner was convicted and sentenced in Tarrant County, Texas. Pursuant to 28 U.S.C § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. Accordingly, jurisdiction in this court is not proper.

Petitioner has filed a motion to transfer venue to the United States District Court for the Northern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Fort Worth Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such district would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Fort

Worth Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this  18  day of _____April_____, 2007.

_____*Earl S. Hines*_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE